UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CLANCY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DOUGLAS PATTERSON, et al.,<br><br>    Defendants. | Case No. 13-cv-04316-JST<br><br>**ORDER GRANTING MOTION TO DISMISS FOR IMPROPER VENUE**<br><br>Re: ECF No. 9 |

In this action for claims arising out of two arrests and two marijuana-related seizures, Defendants move to dismiss the complaint under Rule 12(b)(3) for improper venue.[1] For the reasons set forth below, the motion is GRANTED.

I.     **BACKGROUND**

Plaintiff Clancy, who appears to do business as First Hemp Bank, brings this action against Defendants Butte County Sheriff's Department, and Douglas Patterson, an officer of that department, for claims arising out of Defendants' arrest of two individuals in connection with the seizure of two marijuana growth sites in the County of Butte.[2] Clancy asserts the following claims in connection with these events: (1) "impairing the obligations of contracts;" (2) excessive force under 42 U.S.C. § 1983; (3) malicious prosecution; (4) deliberate indifference under 42 U.S.C. § 1983; (5) "obstruction of proceedings;" and (6) and "return of personal property."

---

[1] Defendants also move to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under rule 12(b)(6). ECF No. 9. Because Defendants' motion for improper venue will be granted, the Court need not consider alternate grounds for dismissing the complaint.

[2] The individuals who were arrested are Dak Wong and Julian Xie. Compl. ¶ 8.

1     The Court has jurisdiction over this action under 28 U.S.C. § 1331.

2 **II.   LEGAL STANDARD**

3     A civil action brought in federal court must be filed (1) in the judicial district in which any
4 defendant resides if all defendants are residents of the state in which the district is located; (2) a
5 judicial district in which a substantial part of the events or omissions giving rise to the claim
6 occurred or a substantial part of property that is the subject of the action is situated; or (3) in any
7 judicial district in which any defendant is subject to the court's personal jurisdiction with respect
8 to such action.  See 28 U.S.C. § 1391(b).

9     "The district court of a district in which is filed a case laying venue in the wrong division
10 or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or
11 division in which it could have been brought."  28 U.S.C. § 1406(a); see also King v. Russell, 963
12 F.2d 1301, 1304 (9th Cir. 1992) (holding that a district court has discretion either to dismiss for
13 improper venue or to transfer to another venue under 28 U.S.C. § 1406(a)).

14     The proper vehicle for seeking the dismissal of a complaint on the ground of improper
15 venue is Rule 12(b)(3).  In resolving a motion to dismiss under Rule 12(b)(3), the "pleadings need
16 not be accepted as true, and facts outside the pleadings may be considered."  Doe 1 v. AOL LLC,
17 552 F.3d 1077, 1081 (9th Cir. 2009) (citation omitted).  The plaintiff bears the burden of
18 demonstrating the propriety of venue in the chosen judicial district.  See Piedmont Label Co. v.
19 Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979).  If the court chooses to dismiss an
20 action for improper venue, the dismissal "must be without prejudice" because it "does not go to
21 the merits of the case[.]"  See In re Hall, Bayoutree Assocs., Ltd., 939 F.2d 802, 804 (9th Cir.
22 1991).

23 **III.   DISCUSSION**

24     Defendants move to dismiss this action under Rule 12(b)(3) on the grounds that all of the
25 events giving rise to Clancy's claims occurred, and that both Defendants reside, in the County of
26 Butte, which is outside of this district.

27     In his opposition, which is untimely, Clancy does not address any of the arguments that
28 Defendants raise in their motion.

United States District Court
Northern District of California

The Court concludes that this action must be dismissed for improper venue.

First, Clancy has not shown that this action can be brought in this district on the basis that Defendants reside in the district, because Clancy has neither alleged nor established facts showing that Defendants reside here. On the other hand, Defendants contend that both of them are residents of the County of Butte, which is not a part of the Northern District of California. See Civil L.R. 3-2 (providing that the Northern District of California includes only Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, San Francisco, San Mateo, Santa Clara, Santa Cruz, and Sonoma counties). Defendants note that Patterson's domicile is in the County of Butte. Defendants also note that the complaint is devoid of allegations showing that the County of Butte, of which the Butte County Sheriff's Department is a part, had sufficient contacts with this district to permit this Court to exercise specific personal jurisdiction over it. See 28 U.S.C. § 1391(c)(2) (providing that entity defendants are deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]").

Second, Clancy has not shown that this action can be brought in this district on the basis that a substantial part of the events giving rise to it took place here, because the allegations in the complaint show that the acts and events that gave rise to Clancy's claims took place in the County of Butte. Specifically, Clancy alleges that Defendants' investigation, seizure, and arrests took place at "00 Berry Creek Road" and "6799 Lower Wyandotte Road," both of which are located in the County of Butte according to the complaint. Compl. ¶¶ 5-10.

**IV.    CONCLUSION**

Defendants' motion to dismiss the complaint for improper venue is GRANTED. The complaint is DISMISSED WITHOUT PREJUDICE. The Clerk shall terminate this action.

**IT IS SO ORDERED.**

Dated: January 26, 2014

_____
JON S. TIGAR
United States District Judge